UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARISTA RECORDS, LLC, et al.,

    Plaintiffs,

v.                                            CASE NO: 8:07-cv-3-T-23EAJ

ADRIENNE BUTLER,

    Defendant.
_____/

**ORDER**

    The plaintiffs, Arista Records, LLC, UMG Recordings, Inc., Sony BMG Music Entertainment, Interscope Records, and Elektra Entertainment Group, Inc., (collectively, the "plaintiffs") are owners or licensees of exclusive rights in certain copyrighted sound recordings. The plaintiffs sue the defendant Adrienne Butler under 17 U.S.C. §§ 101, 106, 501-505 for copyright infringement. The plaintiffs allege (Doc. 1 ¶ 13) that the defendant "has used, and continues to use, an online media distribution system to download [the plaintiffs'] copyrighted recordings and/or to make [the plaintiffs'] copyrighted recordings available to others." The plaintiffs seek statutory damages, attorneys' fees and costs, and permanent injunctive relief. The plaintiffs move (Doc. 17) for summary final judgment.

    Proceeding pro se, the defendant answered (Doc. 6) the complaint on March 30, 2007, with a general denial. Although the defendant attended and participated (Doc. 16) in a court-ordered mediation on August 22, 2007, the defendant fails to

respond to the plaintiffs' discovery requests.  On August 2, 2007, the plaintiffs served (Doc. 17-2) their first set of requests for admissions, and the plaintiffs warned (Doc. 17-3) the defendant that failure to respond to the request within the time prescribed by Rule 36, Federal Rules of Civil Procedure, constitutes admission of each requested item.  On September 24, 2007, the plaintiffs sent the defendant a letter (Doc. 17-4) that reminds the defendant of her obligation to respond and that warns the defendant that, if the defendant fails to respond, the plaintiffs will move for summary judgment.  On August 24, 2007, the plaintiffs served (Doc. 17-2) their second set of requests for admissions, accompanied again (Doc. 17-5) by a pertinent warning.  On October 16, 2007, the plaintiffs sent the defendant another letter (Doc. 17-6), reminding the defendant of her obligation to respond.

On October 26, 2007, the plaintiffs moved for summary judgment.  However, the defendant neither responded to the motion nor moved for an enlargement of time to respond.  A November 27, 2007, order (Doc. 18) directs the defendant on or before December 6, 2007, to respond to the plaintiffs' first and second sets of requests for admissions and warns that failure to respond will result in admission of each requested item. Additionally, the order directs the defendant on or before December 6, 2007, to respond to the plaintiffs' motion for summary judgment and warns that failure to respond constitutes a failure to oppose the motion.  The defendant responds neither to the plaintiffs' requests for admissions (see Doc. 19) nor to the plaintiffs' motion for summary judgment.

The defendant's failure to respond to the plaintiffs' requests for admissions results in the admission of the following facts, which are conclusively established[1] for the purposes of this motion:

(1) the plaintiffs own or control exclusive rights to the copyright in the sound recordings listed in exhibit A of the complaint (the "exhibit A recordings"[2]) and the sound recordings listed in schedule 1 of the plaintiffs' second set of requests for admissions (the "schedule 1 recordings"[3]) (collectively, the "infringed recordings"); (2) the defendant used an online media distribution system to download the infringed recordings and to make the infringed recordings available to others for downloading or copying; (3) the plaintiffs never authorized the defendant to download the infringed recordings or to make them available to others for downloading or copying; (4) the infringed recordings were registered with the United States Copyright Office before the defendant downloaded them and made them available to others, and the copyright registration for each infringed recording is valid; (5) during the past three years, the infringed

---

[1] See Rule Fed. R. Civ. P. 36 United States v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) ("[R]equests for admissions are automatically deemed admitted if not answered within 30 days, and . . . the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions.").

[2] The exhibit A recordings are (1) "Where Do Broken Hearts Go" on album Whitney by artist Whitney Houston (SR no. 89-966), (2) "Dontchange" on album Juslisen by artist Musiq (SR no. 308-859), (3) "Love on My Mind" on album Hummin/Comin' at Cha by artist Xscape (SR no. 172-556), (4) "Complicated" on album Let Go by artist Avril Levigne (SR no. 312-786), (5) "Gotta Man" on album Let There Be Eve . . . Ruff Ryder's First Lady by artist Eve (SR no. 265-925), (6) "I'll Trade (A Million Bucks) feat. Lil' Mo," on album Didn't See Me Coming by artist Keith Sweat (SR no. 293-086).

[3] The schedule 1 recordings are (1)"Now That She's Gone" on album The Writing's on the Wall by artist Destiny's Child (SR no. 268-936), (2) "Dilemma" on album Nellyville by artist Nelly feat. Kelly Rowland (SR no. 315-537), (3) "Incomplete" on album Unleash the Dragon by artist Sisqo (SR no. 277-984), (4) "Holding You" on album Enter the Dru by artist Dru Hill (SR no. 290-402), (5) "Read Your Mind" on album Private Room by artist Avant (SR no. 339-561), (6) "These Are the Times" on album Enter the Dru by artist Dru Hill (SR no. 290-402), (7) "Makin' Good Love on album Ecstasy by artist Avant (SR no. 308-368), (8) "I'm with You" on album Let Go by artist Avril Levigne (SR no. 312-786), (9) "Just Like a Pill" on album Missundaztood by artist Pink (SR no. 326-672), (10) "Heaven Only Knows" on album Let There Be Eve . . . Ruff Ryder's First Lady by artist Eve (SR no. 265-925), (11) "Goodbye" on album Jagged Little Thrill by artist Jagged Edge (SR no. 302-328), (12) "I Should Be . . ." on album Dru World Order by artist Dru Hill (SR no. 320-923), (13) "Killing Me Softly with His Song" on album The Score by artist The Fugees (SR no. 222-005), (14) "Seven Days" on album Share My World by artist Mary J. Bilge (SR no. 238-818), (15) "Sweet Thing" on album What's the 411? by artist Mary J. Bilge (SR no. 149-212), and (16) "Didn't We Almost Have It All" on album Whitney by artist Whitney Houston (SR no. 89-966).

recordings bore United States copyright notices and the defendant had access to copies of the infringed recordings that bore the copyright notices; (6) when the defendant downloaded the infringed recordings, the defendant knew that downloading the infringed recordings was unlawful; and (7) after the defendant received the complaint in this action, the defendant continued to use an online media distribution system to make available to others at least some[4] of the infringed recordings.

Summary judgment results if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). The evidence and the available inferences must be viewed in the light most favorable to the non-moving party. Steele v. Shah, 87 F.3d 1266, 1269 (11th Cir. 1996). The movant bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. If the movant is successful, the non-moving party must come forward with admissible evidence showing a genuine issue of material fact. Celotex, 477 U.S. at 324. "A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

---

[4] The plaintiff's request for admission no. 28 asks the defendant to admit that "you continued to make available via an online media distribution system all of plaintiffs' exhibit A recordings." (emphasis added). However, request no. 26 asks the defendant to admit that "after you received the complaint in this action, you deleted some or all of plaintiffs' exhibit A recordings from the computer." The two admissions seem partly inconsistent.

Although the defendant fails to respond to the plaintiffs' motion for summary judgment, a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004). The record must establish the absence of a genuine issue of material fact to entitle the movant to judgment as a matter of law. One Piece of Real Prop. Located at 5800 SW 74th Ave, 363 F.3d at 1101. A fact admitted by operation of Rule 36 (i.e., because of the defendants' failure to respond to a request for admissions) may support summary judgment. See Stubbs v. Comm'r, 797 F.2d 936, 937-38 (11th Cir. 1986).

Copyright owners have the exclusive right to reproduce a copyrighted work and to distribute a copy or phonorecord of the work to the public. 17 U.S.C. § 106(1), (3). To establish a prima facie case of copyright infringement, a plaintiff must show (1) the plaintiff's ownership of or exclusive license for a valid copyright in the copyrighted sound recording and (2) the defendant's copying or distributing of an original element of the copyrighted sound recording. See Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002); Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."); 17 U.S.C. § 501(a) (infringement occurs when the alleged infringer violates any of the exclusive rights listed in Section 17 U.S.C. § 106); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001) ("The word 'copying' is shorthand for the infringing

of any of the copyright owner's five exclusive rights . . . ."). The defendant's admissions establish that the plaintiffs are owners or exclusive licensees of valid copyrights in the infringed recordings and that the defendant infringed the plaintiffs' exclusive rights by reproducing[5] and distributing[6] the infringed recordings without authorization by means of an online media distribution system.

Instead of proving actual injury, a plaintiff in a copyright infringement action may elect to recover statutory damages "in the sum of less than $750 or more than $30,000 as the court considers just" for each infringed work. 17 U.S.C. § 504(c)(1). The plaintiffs request the minimum statutory amount, an award of $750 for each of the twenty-three infringed recordings for a total of $17,250. However, the infringed recordings include twenty-two sound recordings, not twenty-three.[7] Therefore $16,500 (not $17,250) is the appropriate amount for the plaintiffs' minimum statutory damages.

The plaintiffs also request costs under 17 U.S.C. § 505. Specifically, the plaintiffs' request $420 "as costs of suit for their filing and service fees." The plaintiffs' filing fee (Doc. 1) was $350. However, neither the affidavit (Doc. 17-2) attached to the plaintiffs' motion for summary judgment nor the return of service (Doc.5) shows the

---

[5] Unauthorized copying of a copyrighted sound recording by downloading the recording onto a computer is a "reproduction" prohibited by the copyright act. See e.g., BMG Music v. Gonzalez, 430 F.3d 888, 890-91 (7th Cir. 2005), cert. denied, 126 S. Ct. 2032 (2006); A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001); cf. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 929 (2005).

[6] Distributing copyrighted sound recordings without authorization through a peer-to-peer network such as KaZaA is a "distribution" prohibited by the copyright act. See Grokster, 545 U.S. 913, 940-41 (2005); Gonzalez, 430 F.3d at 889; Napster, 239 F.3d at 1014; Elektra Entm't Group Inc. v. Brimley, No. CV205-134, 2006 WL 2367135, *2 (S.D. Ga. Aug. 15, 2006) ("It is clear that use of a peer-to-peer media distribution system to share music files infringes copyright."); cf. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 843 (11th Cir. 1990) ("Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement.").

[7] Although schedule 1 of the plaintiffs' second set of requests for admissions lists twenty-three songs, one song, "These Are the Times" on album Enter the Dru by artist Dru Hill (SR no. 290-402), appears twice in the list.

plaintiffs' cost of service. Therefore an award of $350 rather than the requested $420 is appropriate.

Finally, the plaintiffs' request permanent injunctive relief. See 17 U.S.C. § 502(a) (providing that the court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). Because the defendant's admissions show not only her liability for infringement of the twenty-two infringed recordings but also a substantial threat of continuing infringement,[8] enjoining the defendant from further infringement of the defendant's sound recordings,[9] whether now in existence or later created,[10] is appropriate.

## **CONCLUSION**

the plaintiffs motion (Doc. 17) for final summary judgment is **GRANTED IN PART**. The defendant shall pay statutory damages to the plaintiffs in the amount of $16,500.00 and costs of suit in the amount of $350.00. Additionally, the defendant shall be and hereby is **ENJOINED** from directly or indirectly infringing the plaintiffs' rights under federal or state law in the infringed recordings and any sound recording, whether now in existence or later created, that is owned or controlled by the plaintiffs (or any parent, subsidiary, or affiliate record label of the plaintiffs) (the "plaintiffs' sound recordings"),

---

[8] See, e.g., request no. 28 ("Admit that after you received the complaint in this action, you continued to make available via an online media distribution system all of the plaintiff's exhibit A recordings.") (emphasis added). See also request nos. 9-10 (during the past three years, the defendant made available by means of an online media distribution system the approximately 700 sound recordings listed in exhibit B to the complaint).

[9] See CBS Broad., Inc. v. EchoStar Commc'ns Corp., 450 F.3d 505, 517 n.25 (11th Cir. 2006); Morley Music Co. v. Cafe Cont'l, Inc., 777 F. Supp. 1579, 1583 (S.D. Fla. 1991) ("A Plaintiff is entitled to a permanent injunction in a copyright action when liability has been established and where there is a threat of continuing violations."); 4 Nimmer on Copyright § 14.06 ("It is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction.") (citation omitted). But see BMG Music, et al. v. Briscoe, No. 05-cv-5409, slip op. at 3-5 (E.D.N.Y. May 31, 2007) (report and recommendation) (finding similar Rule 36 admissions insufficient to demonstrate a substnaital threat of continuing infringement; BMG Music, et al. v. Briscoe, No. 05-cv-5409 (E.D.N.Y. June 19, 2007) (adopting report and recommendation).

[10] See BMG Music v. Gipson, No. 8:07-cv-367, 2007 WL 1428921, *1 n.1 (M.D. Fla. May 11, 2007).

including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of the plaintiffs' recordings, to distribute (i.e., upload) any of the plaintiffs' sound recordings, or to make any of the plaintiffs' sound recordings available for distribution to the public, except pursuant to a lawful license or with the express authorization of the plaintiffs.  The defendant shall destroy all copies of the plaintiffs' sound recordings that the defendant has downloaded onto any computer hard drive or server without the plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in the defendant's possession, custody, or control.

The Clerk is directed to enter judgment for the plaintiffs and against the defendant.

ORDERED in Tampa, Florida, on December 21, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE